# PROCEEDING FOR RELIEF FROM REAL ESTATE TAXES AS TO MIDWEST ASPHALT CORPORATION v. COUNTY OF RAMSEY.

207 N. W. 2d 336.

May 4, 1973—No. 43501.

*Mandt Torrison* and *Richard A. Emerick,* for appellant.

*William Randall,* Ramsey County Attorney, and *Steven C. DeCoster* and *Thomas M. Quayle,* Assistant County Attorneys, for respondent.

OTIS, JUSTICE.

Midwest Asphalt Corporation appeals from a judgment of the district court holding that its asphalt mixing plant is not personal property which enjoys tax exemption under Minn. St. 1969, § 272.02(11)(b).[1]

---

[1] Judge William Christianson decided the identical issue in favor of exemption in an action entitled In re Bituminous Roadways, Inc., No. 667597 (Dist. Ct., Hennepin County, June 8, 1971). The court attached a memorandum setting forth the factors here discussed which we find persuasive.

The tax year here involved is 1969. Section 272.02(11)(b) at that time provided in part as follows:

"All property described in this section to the extent herein limited shall be exempt from taxation:

\* \* \* \* \*

"(b) Tools and machinery which by law is considered as personal property used or useable in construction of buildings or highways or in the manufacture, processing, production, sale or distribution of marketable products including but not limited to goods, wares and merchandise and processing of food and fiber."

The county asserts that the property is taxable as real property under Minn. St. 1969, § 272.03, subd. 1, and not personal property under subd. 2. Those provisions are as follows:

"Subdivision 1. For the purposes of taxation, 'real property' includes the land itself and all buildings, structures, and improvements or other fixtures on it, and all rights and privileges belonging or appertaining to it, and all mines, minerals, quarries, fossils, and trees on or under it.

"Subd. 2. For the purposes of taxation, 'personal property' includes:

"(1) All goods, chattels, money and effects." [2]

---

[2] These statutes were amended by Ex. Sess. L. 1971, c. 31, art. XVII, § 1, and art. XXII, § 3, and now read as follows:

Minn. St. 272.03. "Subdivision 1. For the purposes of taxation, 'real property' includes the land itself and all buildings, structures, and improvements or other fixtures on it, and all rights and privileges belonging or appertaining to it, and all mines, minerals, quarries, fossils, and trees on or under it.

"A building or structure shall include the building or structure itself, together with all improvements or fixtures annexed to the building or structure, which are integrated with and of permanent benefit to the building or structure, regardless of the present use of the building, and which cannot be removed without substantial damage to itself or to the building or structure."

Minn. St. 272.02. "Subdivision 1. Except as provided in other sub-

The facts are not in dispute. Taxpayer's asphalt mixing plant was purchased in 1964 and was erected on leased property. It rests on a floating concrete slab, wood blocks, timber or log skids, and on the ground. Apart from a somewhat taller tower containing pollution-control equipment, the plant at its highest point is 55 feet tall and is capable of mixing 4,000 pounds of road material in one batch. The equipment consists of five or six sections which took seven days to assemble. It is capable of being transported on either a flatbed railroad car, a lowboy truck trailer, or on self-contained running gear if so equipped. However, it has remained stationary since the time it was acquired. This type of equipment has a normal life span of 8 to 10 years but at times is replaced within as short a period as 5 years due to obsolescence or for other reasons.

Following the enactment of the Tax Reform and Relief Act of 1967, Ex. Sess. L. 1967, c. 32, the county assessor treated the property as real estate in reliance on Minnesota Property Tax Bulletin, Vol. 3, No. 7, March 1968. The county concedes that "this Bulletin was not a rule or regulation promulgated under the authority of Minnesota Statutes, Chapter 15" and "does not have the force of law." Nevertheless, the county argues "[it] is entitled to great weight * * * as a contemporaneous construction of a new statute enacted by the legislature in the special area of expertise of [the commissioner of taxation]." The pertinent parts of the bulletin purport to adopt rules for determining whether machines and equipment are real or personal property. Rule 3 provides in part:

divisions of this section, all property described in this section to the extent herein limited shall be exempt from taxation:

\* \* \* \* \*

"(11) The taxpayer shall be exempted with respect to * * * tools and machinery which by law are considered as personal property, except personal property which is part of an electric generating, transmission, or distribution system or a pipeline system transporting or distributing water, gas, or petroleum products."

"The rule is that such special-purpose buildings are real property, as is the equipment that is built into or installed in the building in furtherance of the special purpose for which the building was constructed. General-purpose items, portable tools and machinery, office equipment, mobile machines, motor vehicles, and equipment on wheels are personal property."

An example of a special-purpose structure given by the bulletin is a "Batching plant (concrete or bituminous)." In Abex Corp. v. Commr. of Taxation, 295 Minn. 445, 207 N. W. 2d 37 (1973), we recently construed § 272.02(11)(b) to hold taxable ponderous machinery in a foundry which produced components for taconite mining operations. That case hinged on the definition of a fixture. In declining to hold the machinery to be personal property which enjoyed tax exemption, we anticipated the result we here reach. "* * * [I]t is worth noting that the evidence in that pending case shows that asphalt mixing plants, while ponderous, are specifically designed and intended to be moved from place to place as asphalt is needed for various jobs, and that such plants are in fact moved as needed. Clearly, the fact situation presented in that case is entirely different from the one presented here." 295 Minn. 465, 207 N. W. 2d 49. In Borgelt v. City of Minneapolis, 271 Minn. 249, 259, 135 N. W. 2d 438, 445 (1965), we said: "An asphalt mixing plant consists of portable personal property." The county argues that because Borgelt was not a tax case, the quoted pronouncement has no application and was dictum. We do not agree. The issue there was the authority of the city to operate the plant. In holding that it was a proper municipal function, we equated it to "the acquisition of a truck or cement mixer or any other piece of equipment essential for the performance of street work." 271 Minn. 259, 135 N. W. 2d 445.

Independent of our holding in Borgelt, the undisputed facts concerning its mobility and rapid depreciation support our determination that the asphalt mixing plant should have been treated as exempt personal property. The county minimizes the fact

that such equipment was treated as personal property by the county for tax purposes prior to 1967, since the classifications did not affect the tax rate. Nevertheless, that prior treatment is a factor to be considered along with all the others in reaching our decision.

Reversed.

